**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 7, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

JOSE IVAN ORTEGA-MARTINEZ,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 22-9548
(Petition for Review)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **MORITZ**, **EID**, and **ROSSMAN**, Circuit Judges.

———————————————————

Jose Ivan Ortega-Martinez, a native and citizen of Mexico, petitions for review

of the decision of the Board of Immigration Appeals (Board or BIA) denying his

motion to reconsider its earlier denial of a motion to remand.  Before this court,

rather than filing an opening brief, Mr. Ortega-Martinez filed a motion to remand and

then a conditional motion to dismiss, both of which the Attorney General opposed.

———————————————

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 8 U.S.C. § 1252, we deny both motions, and we deny the petition for review.

## BACKGROUND

An immigration judge denied Mr. Ortega-Martinez relief under the Convention Against Torture (CAT) and post-conclusion voluntary departure. While that decision was on appeal before the Board, Mr. Ortega-Martinez married a United States citizen. He moved to remand so he could seek adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i), stating (1) his mother was the beneficiary of an approved I-130 petition; (2) he is a derivative beneficiary of that petition; and (3) as a grandfathered noncitizen due to that petition, he is eligible to adjust his status under a new I-130 petition filed by his spouse.

On November 24, 2021, the Board upheld the denial of CAT relief and voluntary departure. In considering voluntary departure, it acknowledged Mr. Ortega-Martinez's positive equities. But it also recognized that he had a "2013 conviction, at age 25, for sexual battery against a 15 year old." R. Vol. 1 at 10. Like the immigration judge, the Board considered that conviction to weigh heavily against the positive factors, and ultimately it "agree[d] with the Immigration Judge that [Mr. Ortega-Martinez] does not warrant post-conclusion voluntary departure in the exercise of discretion." *Id.* The Board also denied the motion to remand, stating that Mr. Ortega-Martinez had not shown prima facie eligibility for relief under § 245(i) because his mother's I-130 petition had to be filed on or before April 30, 2001, but it showed a receipt date of May 25, 2001.

2

Mr. Ortega-Martinez did not file a petition for review of the November 24, 2021, decision.  Instead, he moved the Board to reconsider.  The motion to reconsider did not challenge the Board's determinations regarding the CAT claim or voluntary departure.  Instead, it focused on the denial of the motion to remand, asserting that the Board erred in assessing the filing date of his mother's petition.  Mr. Ortega-Martinez contended that the petition's priority date, which was earlier than April 30, 2001, demonstrated he was prima facie eligible for protection under § 245(i).

On June 17, 2022, the Board denied the motion to reconsider.  It assumed Mr. Ortega-Martinez was correct about the petition date.  Nevertheless, it held he still failed to demonstrate prima facie eligibility for adjustment of status.  "[I]n seeking a remand, the respondent must establish prima facie eligibility for relief, and where, as here, the ultimate relief is discretionary, he must show that he warrants such relief as a matter of discretion."  R. Vol. 1 at 4.  "Prima facie eligibility is shown where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied and that there is a reasonable likelihood that relief will be granted in the exercise of discretion."  *Id.*  The Board noted that Mr. Ortega-Martinez had not challenged its determination, in the November 24, 2021, decision, that he did not warrant voluntary departure in the exercise of discretion.  Further, he did not "otherwise present evidence showing a reasonable likelihood that his application for adjustment of status would be granted in the exercise of discretion, particularly in light of his conviction for sexual battery as discussed in our November 24, 2021, decision."  *Id.* at 5.  The Board therefore denied the motion to reconsider.

3

## DISCUSSION

The only order before us for review is the June 17, 2022, denial of the motion for reconsideration, which we review for abuse of discretion, *see Zapata-Chacon v. Garland*, 51 F.4th 1191, 1195 (10th Cir. 2022). Because the underlying relief sought is adjustment of status under § 1255(i), our review is limited by 8 U.S.C. § 1252(a)(2)(B), which divests this court of jurisdiction to review "any judgment regarding the granting of relief under section . . . 1255." Under § 1252(a)(2)(D), however, we retain jurisdiction to review "constitutional claims or questions of law." "The Board abuses its discretion when it makes an error of law." *Banuelos v. Barr*, 953 F.3d 1176, 1179 (10th Cir. 2020).

Mr. Ortega-Martinez contends the court should remand because the Board legally erred in assessing the filing date of his mother's I-130 petition. But the filing date was the Board's reason for denying the *motion to remand*, which we lack jurisdiction to review. In contrast, in denying the *motion for reconsideration*, the Board assumed that Mr. Ortega-Martinez was correct about the filing date of the petition and instead denied relief on the discretionary aspect of the prima facie case for adjustment of status. Given that our review is limited to the denial of the motion for reconsideration, we need not consider whether the Board erred in assessing the filing date of the I-130 petition.

Mr. Ortega-Martinez raises two challenges to the Board's reasons for denying reconsideration. He suggests that the Board improperly concluded he failed to show a reasonable likelihood of a favorable exercise of discretion because (1) under

*Mena-Flores v. Holder*, 776 F.3d 1152 (10th Cir. 2015), the agency must "first rule on statutory eligibility before diving into discretionary determinations," Mot. to Remand at 14, and (2) it was the task of the immigration judge, not the Board, to make the discretionary determination in the first instance. Neither argument, however, supports a remand.

*Mena-Flores* recognized that in considering adjustment of status, the immigration judge must determine whether the noncitizen "satisfies the eligibility requirements" (a non-discretionary determination) and "merits the favorable exercise of discretion by the court" (a discretionary determination). 776 F.3d at 1161. But it did not hold that the agency must tackle those issues in that order.

Moreover, the Supreme Court has recognized "at least three independent grounds on which the BIA may deny a motion to reopen," *INS v. Abudu*, 485 U.S. 94, 104 (1988), which also apply to a motion to remand, *see Galeano-Romero v. Barr*, 968 F.3d 1176, 1186 (10th Cir. 2020) ("The same legal standard applies to motions to reopen and motions to remand." (brackets and internal quotation marks omitted)). Two of those grounds are relevant here. The Board "may hold that the movant has not established a prima facie case for the underlying substantive relief sought." *Abudu*, 485 U.S. at 104. Also, in cases such as adjustment of status, "in which the ultimate grant of relief is discretionary . . . the BIA may leap ahead, as it were . . . and simply determine that even if [the two threshold concerns] were met, the movant would not be entitled to the discretionary grant of relief." *Id.* at 105. Accordingly, we do not fault the Board for considering whether Mr. Ortega-Martinez established a

5

prima facie case, or for leaping over the question of statutory eligibility to rely on discretion in denying the motion for reconsideration.

For these reasons, we deny the motion to remand. That leaves the conditional motion to dismiss, in which Mr. Ortega-Martinez requests that we dismiss this matter if we deny the motion to remand. Although we deny the motion to remand, we decline to grant Mr. Ortega-Martinez's conditional motion to dismiss.

## CONCLUSION

We deny the motion to remand and the motion to dismiss. Because Mr. Ortega-Martinez concedes any other challenges to the Board's denial of reconsideration,[1] we also deny the petition for review.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[1] Filing a motion to remand for additional administrative proceedings "suspends the briefing schedule unless the court orders otherwise." 10th Cir. R. 27.3(C). The motion to remand cited Rule 27.3(C). The motion to dismiss, however, disclaimed any intent to seek an extension of the briefing schedule and indicated that Mr. Ortega-Martinez did not intend to bring any challenges to the denial of reconsideration other than the arguments in the motion to remand.