**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 11, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

WILFRIDO ROSALES ESPINOSA,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 23-9515
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Petitioner Wilfrido Rosales Espinosa, a Mexican national, seeks review of a

Board of Immigration Appeals (BIA or Board) decision dismissing his appeal of an

Immigration Judge's order of removal and denying a motion to remand.  Exercising

jurisdiction under 8 U.S.C. § 1252, we deny the petition.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I.    BACKGROUND

In 2018, the Department of Homeland Security charged Petitioner with being removable under the immigration laws as a noncitizen present in the United States without having been admitted or paroled. At an August 2019 hearing before an Immigration Judge (IJ), Petitioner conceded that he was removable but requested cancellation of removal under 8 U.S.C. § 1229b(b).[1] At the time of the hearing, Petitioner was married with two United States citizen children, his daughter Lia and stepson Bryan. As his family's primary earner, Petitioner produced evidence of the economic hardship that his children would suffer should he be deported. He also explained that due to the custody arrangement between Bryan's biological parents, Bryan would not be able to accompany the rest of the family if they moved to Mexico, causing the children to be separated from one another. And if Petitioner's wife stayed in the United States with the children, they would be separated from their father. Any family separation, Petitioner argued, would add emotional hardship to the financial hardship his children would suffer as a result of his removal. After a hearing on the merits, the IJ denied Petitioner's application, concluding he failed to meet the standard for hardship to a qualifying relative under § 1229b(b)(1)(D).

Petitioner appealed to the BIA. While his appeal was pending, Petitioner and his wife had another baby. Petitioner then filed a motion with the BIA requesting

---

[1] Section 1229b(b)(1)(D) allows the Attorney General to cancel the removal of a noncitizen who, in relevant part, "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child who is a citizen of the United States."

2

that his case be remanded to the IJ for reconsideration in light of new evidence, specifically the birth of a third qualifying child. In an opinion dated February 2, 2023, the BIA denied the motion to remand and dismissed the appeal. The BIA agreed with the IJ's hardship determination relating to Petitioner's first two children. It concluded the IJ had "correctly analyzed and gave appropriate weight to such factors as the respondent's financial concerns, . . . the effects of potential family separation, and the absence of medical and educational issues or other special needs affecting the qualifying relatives." R., vol. 1 at 3-4. The BIA acknowledged the difficulties that would flow from Petitioner's removal but held he had failed to show that the hardship to his qualifying relatives would be substantially different from or beyond that which normally results from an individual's forced departure from the United States.

The BIA went on to address Petitioner's motion to remand based on the birth of an additional qualifying child. Citing *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992), the Board explained that a party seeking remand based on new evidence must show that the newly proffered evidence would likely change the result in his case. The Board concluded that Petitioner had failed to make that showing:

> Although an additional citizen child has been born to the respondent and would add to the financial burden on the family, it is not apparent that the child has any special needs or that the incremental increase in hardship associated with the care of the child would change the Immigration Judge's hardship calculus in this matter. Therefore, we are not persuaded that a remand on that basis is warranted.

3

R., vol. 1 at 4. Based on this analysis, the BIA denied the motion to remand and dismissed the appeal. Petitioner sought timely review in this court.

The petition does not challenge the IJ's original decision denying cancellation of removal, nor the BIA's affirmance of that decision. Rather, Petitioner focuses on the BIA's refusal to remand the case for reconsideration of the hardship factor in light of Petitioner's new evidence. He advances two arguments. First, Petitioner claims the BIA applied the wrong legal standard in holding that his additional child did not alter the hardship analysis. Specifically, Petitioner claims the BIA required that the new child have special needs to satisfy the hardship threshold, thereby erroneously imposing a precondition not found in § 1229b(b)(1). Second, Petitioner claims the BIA erred by failing to consider the hardship that Petitioner's newborn daughter would suffer in her own right should Petitioner be deported to Mexico. Here Petitioner claims the BIA considered only the additional incremental hardship that the *other* family members would experience by adding one more to their number. He also takes issue with the level of detail contained in the BIA's analysis. We address each of these arguments below.

## II.    DISCUSSION

### A.    Jurisdiction

Because this petition challenges the BIA's decision to deny cancellation of removal, we must first assess our jurisdiction. *See Galeano-Romero v. Barr*, 968 F.3d 1176, 1181 (10th Cir. 2020). Ordinarily we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i) to review "the discretionary aspects of a decision concerning

cancellation of removal," including "whether the petitioner's removal from the United States would result in exceptional and extremely unusual hardship to a qualifying relative under . . . § 1229b(b)(1)(D)." *Id.* at 1181 (internal quotation marks omitted). This limitation on our jurisdiction applies even if the hardship determination was made in the context of a motion to remand as it was here. *Cf. Alzainati v. Holder*, 568 F.3d 844, 849-50 (10th Cir. 2009) (considering jurisdictional limitation of § 1252(a)(2)(B)(i) in the context of a motion to reopen). We retain jurisdiction under the limited review provision of § 1252(a)(2)(D), however, "to review constitutional claims and questions of law, including those that arise in the circumstances specified at § 1229b(b)(1)." *Galeano-Romero*, 968 F.3d at 1182 (internal quotation marks omitted).

To be reviewable, a constitutional claim must be colorable. *Id.* at 1184. "An alien does not present a colorable constitutional claim capable of avoiding the jurisdictional bar by arguing that the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome." *Id.* at 1184-85 (internal quotation marks omitted). An allegation of wholesale failure to consider evidence, however, plainly implicates due process. *Alzainati*, 568 F.3d at 851. Reviewable legal questions must raise a "statutory-construction argument" or contest "the application of a legal standard to undisputed or established facts." *Galeano-Romero*, 968 F.3d at 1182 (internal quotation marks omitted).

Petitioner's first argument invokes the court's jurisdiction under these principles. Although a petition does not raise a legal question "by disputing the

5

Board's appraisal of the degree of hardship" to a qualifying relative, *id.* at 1182, "we do have jurisdiction to hear some challenges to some Board decisions concerning cancellations of removal—those not asking us to reweigh evidence and substitute our view in place of the Board's discretionary decision." *Id.* at 1184. In *Galeano-Romero*, we offered examples of legal arguments that satisfy the exception to the jurisdictional bar of § 1252(a)(2)(B)(i) in a cancellation-of-removal case. *Id.* at 1184-85. Among them, we explained, is when the petitioner accuses the BIA of "impos[ing] additional qualifications for hardship beyond those set by § 1229b(b)(1)(D)." *Id.* at 1184. Under those circumstances, "we [can] review, as a question of law, whether the Board did so." *Id.* Petitioner is making just such an argument here, contending the BIA wrongly predicated its hardship determination on the special-needs status of Petitioner's third qualifying child. We may review, as a question of law, whether the BIA did in fact impose such an extra-statutory criterion in its hardship analysis. *Id.*

Petitioner's second argument—that the BIA failed to consider the hardship his new daughter would experience—implicates due process and is therefore also reviewable under § 1252(a)(2)(D). *See Alzainati*, 568 F.3d at 850 (explaining court has "limited jurisdiction to review the propriety of the BIA's failure to consider" evidence supporting motion to reopen).

**B.     Standard of Review**

"We review the denial of a motion to remand for an abuse of discretion." *Witjaksono v. Holder*, 573 F.3d 968, 978-79 (10th Cir. 2009). The BIA abuses its

6

discretion when its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* at 979 (internal quotation marks omitted).  It is also an abuse of discretion when the BIA makes an error of law. *Zapata-Chacon v. Garland*, 51 F.4th 1191, 1196 (10th Cir. 2022).

### C.    Analysis

The BIA did not abuse its discretion in denying remand here.  To merit remand, a petitioner must show that his new evidence—in this case, the birth of an additional qualifying child—"would likely change the result in the case." *Maatougui v. Holder*, 738 F.3d 1230, 1240 (10th Cir. 2013) (reviewing the denial of a motion to reopen) (internal quotation marks omitted); *see also Witjaksono*, 573 F.3d at 979 n.10 (noting that "[t]he BIA applies the same legal standard to motions to reopen and motions to remand").  "Stated another way, if [the BIA] conclude[s] that [its] decision on the appeal would be the same even if the proffered evidence were already part of the record on appeal, [it] will deny the motion to remand." *Coelho*, 20 I. & N. Dec. at 473.  Moreover, "the BIA has discretion to deny a motion to [remand] though the alien has made out a prima facie case for relief." *Maatougui*, 738 F.3d at 1240 (internal quotation marks and brackets omitted).

Applying this standard, the BIA concluded Petitioner's third qualifying child would not change the result of the hardship analysis for purposes of cancellation of removal.  Although the BIA did not examine the issue at length, its determination followed the adoption of the IJ's more fulsome analysis, which considered many

7

factors, including the effects of family separation as well as "the absence of medical and educational issues or other special needs affecting the qualifying relatives." R., vol. 1 at 4. The BIA also acknowledged that Petitioner's third child would add to the family's overall hardship in the event of Petitioner's removal. Observing that the new child did not appear to have any special needs, however, the BIA concluded that this incremental increase in hardship did not change the overall hardship calculation. Petitioner contends this observation regarding special needs was tantamount to imposing an extra-statutory criterion in the hardship analysis. We disagree.

The BIA's decision cannot reasonably be read as recognizing or applying a special-needs precondition to cancellation of removal. In observing that the new child did not appear to have special needs, the BIA was simply considering this factor in the aggregate along with the increased financial burden, Petitioner's wife's resources, family separation, and the lack of medical and educational issues affecting the qualifying relatives. This is precisely what BIA precedent counsels the Board to do in considering the question of hardship. It takes into account numerous factors, including "the ages, health, and *circumstances* of qualifying . . . relatives." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (BIA 2001) (emphasis added). *Monreal-Aguinaga* specifically advises that a "strong applicant might have a qualifying child with very serious health issues, or compelling special needs in school." *Id.* And it instructs that "all hardship factors should be considered in the aggregate when assessing exceptional and extremely unusual hardship." *Id.* at 64. Observing that the child in this case lacked special needs was not tantamount to

8

ignoring all other factors, and there is no indication the Board did so. To the contrary, the Board considered the impact of Petitioner's additional child and concluded it was insufficient, under its precedent, to alter the hardship determination. Its analysis was brief but that alone does not signify an abuse of discretion. *See Maatougui*, 738 F.3d at 1242. "What is required is that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* at 1243 (internal quotation marks and brackets omitted). As the foregoing discussion illustrates, the BIA's opinion provided sufficient analysis for meaningful appellate review, and we conclude its hardship analysis was free of legal error.

Petitioner's second argument likewise misconstrues the BIA's opinion. Petitioner contends the BIA failed to consider the hardship *to* his third qualifying child and focused exclusively on the impact that child would have on the rest of the family. As previously indicated, to the extent this argument may be construed as alleging a failure to consider new evidence, we have jurisdiction to review the due process implications of such a claim. *See Alzainati*, 568 F.3d at 850. But the new evidence in this case—Petitioner's third qualifying child—was plainly and explicitly considered in the BIA's opinion. Petitioner's argument, therefore, concerns not *whether* the BIA considered the evidence, but *how* it considered the evidence. This is beyond our purview. While "we can require the agency to fairly consider appropriate evidence[,] [w]e have no license to dictate the method such consideration must take." *Id.*

9

## III.    CONCLUSION

Petitioner has failed to show the BIA abused its discretion in denying his motion to remand.  The BIA correctly applied the law governing the hardship determination underlying cancellation of removal, adhered to its own precedent, and produced a reviewable decision containing more than conclusory statements.  The petition for review is denied.

Entered for the Court

Nancy L. Moritz
Circuit Judge