FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

EDGAR PACHO-BECERRA,*

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 23-9576
(Petition for Review)

_____

### ORDER AND JUDGMENT**

_____

Before **MORITZ**, **ROSSMAN**, and **FEDERICO**, Circuit Judges.

_____

---

    * The order under review misspelled Edgar Pacho-Becerra's second surname as "Becerrera." R., Vol. 1 at 3. As acknowledged by the immigration judge, Pacho-Becerra clarified the spelling of his name in his immigration proceedings. _See id._ at 173 n.1. We use the correct spelling in the caption and body of this order and judgment.

    ** After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Edgar Pacho-Becerra petitions for review of a decision by the Board of Immigration Appeals (BIA) denying his motion to reconsider. Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny his petition for review.

## I.     Background

Pacho-Becerra is a native and citizen of Mexico who entered the United States at an unknown date and location. The Department of Homeland Security issued a notice to appear alleging that he was removable as an individual present in the United States without being admitted or paroled. Pacho-Becerra conceded he was removable and initially applied for cancellation of removal. He later modified his application for relief to seek special rule cancellation of removal under the Violence Against Women Act (VAWA), claiming he was the battered spouse of a United States citizen. *See* 8 U.S.C. § 1229b(b)(2).[1] An immigration judge (IJ) denied relief, concluding that Pacho-Becerra failed to credibly testify about the alleged abuse and did not sufficiently corroborate his claim.

Pacho-Becerra appealed the IJ's denial of special rule cancellation of removal under the VAWA. The BIA dismissed his appeal, concluding that the IJ's adverse credibility finding was not clearly erroneous and agreeing that Pacho-Becerra failed to sufficiently corroborate his claim.

---

[1] Section 1229b(b)(2)(A)(i)(I) allows for cancellation of removal and adjustment of status of an alien who, among other requirements, "has been battered or subjected to extreme cruelty by a spouse . . . who is . . . a United States citizen."

2

In addition to filing his appeal, Pacho-Becerra asked the BIA to remand to the IJ so he could apply for adjustment of status. In support of a remand, he submitted evidence that the United States Citizenship and Immigration Services had approved his Form I-360 visa petition, which he had filed as a VAWA self-petitioner. *See* 8 U.S.C. § 1154(a)(1)(A)(iii) (listing requirements for adjustment of status by VAWA self-petitioner). The BIA denied his motion to remand because it determined that his newly submitted evidence—an approved visa petition based on his claim of being a battered spouse—would be unlikely to change the result of his case considering the IJ's previous adverse credibility finding.

In the thirty days following the BIA's decision dated March 8, 2022, Pacho-Becerra neither petitioned for review nor filed a motion to reopen or to reconsider. But after obtaining new counsel, he filed an untimely motion on May 5, 2022, seeking reconsideration of the BIA's denial of his motion to remand to apply for adjustment of status. He asked the BIA either to equitably toll the time limitation for filing a motion to reconsider or to exercise its sua sponte authority to reconsider its March 8 decision in the interests of justice. Pacho-Becerra also asked the BIA to reissue its March 8 decision so that he could file a timely petition for review.

On July 20, 2023, the BIA held that Pacho-Becerra failed to show that any extraordinary circumstance warranted either equitable tolling of the motion-to-reconsider deadline or sua sponte reopening. The BIA also declined to reissue its March 8, 2022, decision, noting that Pacho-Becerra did not allege a failure

3

of service, did not explain why he could not file a timely petition for review, and provided no evidence or argument showing a likelihood of success on such a petition.

Pacho-Becerra filed a timely petition for review of the BIA's July 20 decision.

## II.     Discussion

In his opening brief, Pacho-Becerra challenges only the BIA's decision not to apply equitable tolling to his untimely motion to reconsider.[2]  We therefore limit our consideration to that issue.

We review the BIA's denial of a motion to reconsider for an abuse of discretion. *Zapata-Chacon v. Garland*, 51 F.4th 1191, 1195 (10th Cir. 2022).  "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* at 1196 (internal quotation marks omitted).  "The BIA also abuses its discretion when it makes an error of law." *Id.* (internal quotation marks omitted).

A motion to reconsider a BIA decision must be filed within thirty days of the prior decision. *See* 8 U.S.C. § 1229a(c)(6)(B).  But "[e]quitable tolling is appropriate where the movant shows (1) that [he] has been pursuing [his] rights diligently, and (2) that some extraordinary circumstance stood in [his] way and prevented timely

---

[2] Pacho-Becerra does not address in his opening brief either the BIA's decision not to exercise its sua sponte authority or the BIA's denial of his request to reissue its March 8, 2022, decision.  He has therefore waived any challenge to these rulings. *See Herrera-Castillo v. Holder*, 573 F.3d 1004, 1010 (10th Cir. 2009) (holding issue insufficiently raised in opening brief is deemed waived).

filing." *Estrada-Cardona v. Garland*, 44 F.4th 1275, 1287 (10th Cir. 2022). Whether settled historical facts satisfy the legal standard for equitable tolling is a mixed question of law and fact. *See Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 226-28 (2020). We review de novo mixed questions that involve primarily consideration of legal principles. *See Roberts v. Printup*, 595 F.3d 1181, 1186 (10th Cir. 2010).

Pacho-Becerra devoted the majority of his motion to reconsider to arguing that the BIA legally erred in denying his motion to remand. He then conceded that his motion to reconsider was untimely. Seeking equitable tolling, Pacho-Becerra initially stated that "[i]t is undeniable that [his] prior counsel was ineffective." R., Vol. 1 at 27. But he acknowledged he had not followed the procedures for an ineffective-assistance claim required by *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). Pacho-Becerra instead contended that equitable tolling was warranted because "the truly egregious legal errors are those of the [BIA] itself." R., Vol. 1 at 28. He described the BIA's errors as "complex and subtle," and he asserted that equitable tolling was "an appropriate remedy to [his] lack of timely and effective legal counsel regarding those legal errors and the appropriate legal remedies." *Id.* Pacho-Becerra cited no caselaw supporting equitable tolling on the basis he alleged.

The BIA declined to equitably toll the thirty-day filing deadline. It addressed Pacho-Becerra's contention "that equitable tolling is appropriate because the laws applicable to [his] case are complex." *Id.* at 3. But the BIA concluded that he "[did] not indicate how the complexity of those laws, which were also central to his previous appeal and motion to remand, contributed to the present motion's untimeliness." *Id.*

5

And to the extent Pacho-Becerra claimed that his previous counsel was ineffective, he had not complied with the requirements of *Matter of Lozada*.

In his opening brief, Pacho-Becerra argues that the facts in his case meet the standard for equitable tolling. He describes various circumstances that he contends contributed to the late filing of his motion to reconsider, including: the shortness of the filing timeframe; his own lack of legal knowledge and need for assistance in interpreting the BIA's March 8, 2022 decision; his need to obtain and the time necessary to find new counsel[3]; and the difficulty of identifying and retaining counsel with the necessary level of knowledge, in light of the lack of clarity in the relevant statutes and regulations. Pacho-Becerra asserts that the foregoing circumstances demonstrate his diligence during the time period preceding the filing of his motion to reconsider.[4]

Pacho-Becerra cites no authority that his circumstances merit equitable tolling of the filing deadline. Moreover, that issue was not before the BIA because his motion failed to allege all of the factual circumstances he now says justify equitable tolling. *See* R., Vol. 1 at 26-28. Rather, the BIA considered his asserted basis for tolling— legal complexity—and concluded he failed to explain how it related to the untimeliness of his motion to reconsider. Pacho-Becerra does not address the BIA's reasoning

---

[3] Pacho-Becerra indicates that "[t]he existing record does not show why" a change of counsel was necessary. Pet. Br. at 22.

[4] Pacho-Becerra also references his "anticipated motion to reopen premised on ineffective assistance of counsel," *id*. at 10 n.5, but he does not challenge the BIA's finding that he failed to comply with *Matter of Lozada*.

regarding his lack of explanation.  We conclude that he fails to show the BIA erred in applying the legal standard for equitable tolling to the circumstances that he alleged in his motion to reconsider.

Furthermore, this is not a case where the BIA's denial of equitable tolling in ruling on a motion to reconsider is "devoid of any analysis" and therefore "insufficient for us to perceive the BIA reasoned at all."  *Estrada-Cardona*, 44 F.4th at 1288. Pacho-Becerra does not argue or show that the BIA's denial of his motion to reconsider was conclusory, lacked reasoning or a rational explanation, or departed from an established policy.  *See Zapata-Chacon*, 51 F.4th at 1196.  He therefore fails to demonstrate an abuse of discretion.

**III.    Conclusion**

We deny Pacho-Becerra's petition for review.

Entered for the Court

Richard E.N. Federico
Circuit Judge