**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE MANUEL GUTIERREZ-ZAVALA,
*Petitioner*,

v.

MERRICK B. GARLAND, Attorney
General,
*Respondent.*

No. 20-73398

Agency No.
A090-155-378

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022[*]
Pasadena, California

Filed April 26, 2022

Before: Daniel A. Bress and Patrick J. Bumatay, Circuit
Judges, and Sharon L. Gleason,[**] District Judge.

Opinion by Judge Bress

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Sharon L. Gleason, Chief United States District
Judge for the District of Alaska, sitting by designation.

## SUMMARY***

### Immigration

Denying Jose Gutierrez-Zavala's petition for review of a decision of the Board of Immigration Appeals denying a motion to reopen, the panel held that this court may deny a petition for review based on the BIA's lack of jurisdiction under 8 U.S.C. § 1231(a)(5), even when the BIA did not rule on that basis.

Gutierrez-Zavala was removed in 2003 and reentered illegally. His removal order was later reinstated under 8 U.S.C. § 1231(a)(5), which provides that "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . [and] the prior order of removal is reinstated from its original date," that prior order "is not subject to being reopened or reviewed." Gutierrez-Zavala then filed an untimely motion to reopen his removal proceedings. The BIA took administrative notice of the removal order, but concluded that it had jurisdiction and denied the motion on the merits.

The panel granted the government's motion for judicial notice of the form reinstating Gutierrez-Zavala's removal order, explaining that the court may take judicial notice where, as here, the BIA considered the evidence. The panel also explained that this court has held that 8 U.S.C. § 1231(a)(2) unambiguously bars reopening a reinstated prior removal order.

---

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that it could deny Gutierrez-Zavala's petition under 8 U.S.C. § 1231(a)(2), even though the BIA did not rely on that jurisdictional bar. The panel observed that under the *Chenery* doctrine, the court's review is typically limited to the grounds upon which the agency relied and that, where the agency offers a different justification in this court, the court should generally remand to the agency. However, the panel concluded that the considerations underlying the *Chenery* doctrine did not apply because the BIA was required to deny Gutierrez-Zavala's motion for lack of jurisdiction. The panel observed that the Supreme Court has explained that the *Chenery* doctrine has no application where the agency was required to reach a necessary result and that *Chenery* does not require that the court convert judicial review of agency action into a ping-pong game. Thus, the panel concluded that it need not remand for the agency to reach the same conclusion on the BIA's jurisdiction because to do so would be an idle and useless formality. The panel also noted that denying the petition on this ground was consistent with this court's precedents, including in the immigration context.

**COUNSEL**

Douglas Jalaie, Los Angeles, California, for Petitioner.

Justin R. Markel and Paul Fiorino, Senior Litigation Counsel; Brian Boynton, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

BRESS, Circuit Judge:

Jose Gutierrez-Zavala, a native and citizen of Mexico, seeks review of a Board of Immigration Appeals (BIA) decision denying his untimely motion to reopen his removal proceedings. Although the BIA denied relief on the merits, the BIA lacked jurisdiction to consider Gutierrez-Zavala's motion to reopen because he was subject to a reinstated prior removal order. *See* 8 U.S.C. § 1231(a)(5); *Cuenca v. Barr*, 956 F.3d 1079, 1084 (9th Cir. 2020). We hold here that we can deny Gutierrez-Zavala's petition for review based on the BIA's lack of jurisdiction, even though the BIA did not rule on that basis. We therefore deny the petition for review.

On December 29, 1988, Gutierrez-Zavala was admitted to the United States as a lawful permanent resident. In January 1998, he was convicted of burglary in the second degree in California state court, Cal. Penal Code §§ 459, 460(b), and sentenced to 16 months in prison. In August 1998, the former Immigration and Naturalization Service (INS) served Gutierrez-Zavala with a Notice to Appear, charging him with removability as an alien who, after

admission, had been convicted of an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). Gutierrez-Zavala admitted the factual allegations against him, and an Immigration Judge (IJ) ordered Gutierrez-Zavala removed to Mexico. After his lawyer failed to file a brief in support of his appeal to the BIA, Gutierrez-Zavala was removed to Mexico in May 2003.

Later that year, Gutierrez-Zavala illegally reentered the United States. In September 2019, the Department of Homeland Security (DHS) detained Gutierrez-Zavala and reinstated his prior removal order. *See* 8 U.S.C. § 1231(a)(5) (providing for the reinstatement of prior removal orders for non-citizens who reenter the United States illegally); *Lopez v. Garland*, 17 F.4th 1232, 1234 (9th Cir. 2021) (describing requirements for reinstatement of a prior removal order).

In January 2020, nearly 20 years after Gutierrez-Zavala was ordered removed to Mexico, he filed an untimely motion to reopen and terminate his removal proceedings. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R § 1003.2(c)(2). Subject to certain exceptions, a motion to reopen must be filed within 90 days of the removal order. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R § 1003.2(c)(2). Gutierrez-Zavala acknowledged that his motion to reopen was untimely but argued that the deadline should be tolled and his motion deemed timely. Specifically, Gutierrez-Zavala argued for tolling because his prior counsel provided ineffective assistance by failing to file a brief in support of his appeal to the BIA challenging his removal order. Gutierrez-Zavala also sought tolling on the ground that he was allegedly no longer removable based on his burglary conviction, relying on the Supreme Court's intervening decision in *Descamps v. United States*, 570 U.S. 254 (2013).

Gutierrez-Zavala further maintained that the BIA should reopen his removal proceedings *sua sponte*.

In its decision on the motion to reopen, the BIA took administrative notice of the fact that Gutierrez-Zavala was subject to a reinstated order of removal. But citing our decision in *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 497–98 (9th Cir. 2007), the BIA concluded that it had jurisdiction to consider Gutierrez-Zavala's motion to reopen notwithstanding the reinstatement of his removal order. The BIA therefore proceeded to the merits and denied Gutierrez-Zavala's motion to reopen after concluding that he had not exercised due diligence in pursuing relief and that *sua sponte* reopening was not justified. Gutierrez-Zavala then petitioned for review in our court.

We have jurisdiction under 8 U.S.C. § 1252 and review the BIA's denial of a motion to reopen for abuse of discretion. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). The government requests that we take judicial notice of the Form I-871 reinstating Gutierrez-Zavala's removal order. We may take judicial notice of out-of-record evidence where, among other situations, "the Board considers the evidence." *Fisher v. INS*, 79 F.3d 955, 964 (9th Cir. 1996) (en banc). Here the BIA's decision expressly noted the fact of the reinstatement order. We therefore grant the government's motion for judicial notice.[1]

---

[1] We reject as unsupported Gutierrez-Zavala's assertion that neither he nor his counsel were served with the reinstatement order. Gutierrez-Zavala signed an acknowledgement on the Form I-871 reinstating the prior removal order. And he otherwise identifies no evidence suggesting that he did not receive the reinstated removal order or that he was unaware of it.

Although the BIA recognized that Gutierrez-Zavala was subject to a reinstated removal order, it denied his motion to reopen on the merits.  We have held, however, that the BIA lacks jurisdiction to "reopen[] a removal order that has been reinstated following an alien's unlawful reentry into the United States." *Cuenca*, 956 F.3d at 1088.  Under 8 U.S.C. § 1231(a)(5), "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . [and] the prior order of removal is reinstated from its original date," that prior order "*is not subject to being reopened or reviewed*."  8 U.S.C. § 1231(a)(5) (emphasis added).  That provision, we held, "unambiguously bar[s] reopening a reinstated prior removal order." *Cuenca*, 956 F.3d at 1084.  Although 8 U.S.C. § 1229a(c)(7) generally provides non-citizens the right to file motions to reopen, the non-citizen "*forfeits* that right by reentering the country illegally.  That is the clear import of the statute's unambiguous text." *Id.* at 1085 (quoting *Rodriguez-Saragosa v. Sessions*, 904 F.3d 349, 354 (5th Cir. 2018)).

The BIA did not discuss our decision in *Cuenca*, in which we issued an amended opinion only several months before the BIA ruled in this case.  Instead, in determining that it had jurisdiction to consider Gutierrez-Zavala's motion to reopen, the BIA cited our earlier decision in *Morales-Izquierdo*.  But in *Cuenca*, we explained that *Morales-Izquierdo* did not govern the question of whether a petitioner subject to a reinstated removal order could seek to reopen his removal proceedings under § 1229a(c)(7). *See Cuenca*, 956 F.3d at 1085–88 (explaining, *inter alia*, that *Morales-Izquierdo* "came to this Court as a petition for review of a reinstatement order itself, not from the denial of a motion to reopen," and that the petitioner there was subject to special rules governing *in absentia* orders).  Although it is not clear if the BIA in this case was aware of *Cuenca*, that decision

conclusively explains why the BIA's reliance on *Morales-Izquierdo* was in error.  Thus, under *Cuenca*, § 1231(a)(5) "institute[es] a permanent jurisdictional bar" on the BIA's ability to entertain a motion to reopen a reinstated removal order.  956 F.3d at 1084.

The BIA, as we have noted, did not base its denial of Gutierrez-Zavala's motion to reopen on § 1231(a)(5)'s jurisdictional bar.   And we recognize that, under the venerable *Chenery* doctrine, our review is typically "limited to '[t]he grounds upon which . . . the record discloses that [the agency's] action was based.'"  *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1109 (9th Cir. 2011) (alterations in original) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).    Under *Chenery*, "[w]e will not uphold a discretionary agency decision where the agency has offered a justification in court different from what it provided in its opinion."  *Morgan Stanley Cap. Grp. Inc. v. Pub. Util. Dist. No. 1*, 554 U.S. 527, 544 (2008) (citing *Chenery*, 318 U.S. at 94–95).  Instead, "[g]enerally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."  *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002).

But because the BIA was required to deny Gutierrez-Zavala's motion to reopen for lack of jurisdiction, these same considerations do not apply.  As the Supreme Court has explained, "[t]he *Chenery* doctrine has no application" where the agency "was *required*" to reach a "necessary result."  *Morgan Stanley*, 554 U.S. at 544–45.  Put another way, there is an "'exception' to *Chenery* . . . based upon subjective certainty . . . with respect to the outcome of the agency decision upon remand."  *Arnold v. Morton*, 529 F.2d 1101, 1105 (9th Cir. 1976).

The necessary and certain result of § 1231(a)(5)'s bar and our decision in *Cuenca* is the denial of Gutierrez-Zavala's motion to reopen for the BIA's lack of jurisdiction. *See Cuenca*, 956 F.3d at 1084, 1088. It follows that where we review the denial of a motion to reopen that the BIA did not have jurisdiction to consider, we need not remand for the agency to reach that same conclusion because to do so "would be an idle and useless formality." *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (plurality opinion). As the Supreme Court has long instructed, "*Chenery* does not require that we convert judicial review of agency action into a ping-pong game." *Id.*

Denying Gutierrez-Zavala's petition on this ground is consistent with our precedents, including in the immigration context. In *Safaryan v. Barr*, 975 F.3d 976, 979 (9th Cir. 2020), for example, we considered whether a published BIA decision holding that a violation of California Penal Code § 245(a)(1) is a crime involving moral turpitude was entitled to *Chevron* deference. The precedential decision at issue, *Matter of Wu*, 27 I. & N. Dec. 8 (B.I.A. 2017), was published while Safaryan's petition for review was pending in our court. *Id.* at 983. In *Safaryan*, the parties "briefed the matter on the premise that, if we determine that *Matter of Wu* is entitled to *Chevron* deference, then *Matter of Wu* governs this case and renders Safaryan inadmissible." *Id.* We held that the interpretation in *Matter of Wu* was entitled to *Chevron* deference. *See id.* But rather than remand for the BIA to consider Safaryan's arguments in light of *Matter of Wu*, we saw "no need to pointlessly remand the matter to the BIA so that it can formally invoke *Matter of Wu* in this case." *Id.* (citing *Morgan Stanley*, 554 U.S. at 545).

Similarly, in *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam), we did not remand even though the BIA

incorrectly applied the nexus standard applicable to Singh's request for withholding of removal. Specifically, the BIA applied the "one central reason" standard for both his asylum and withholding claims. *Id.* Under our precedents, an applicant for withholding of removal must show that a protected ground was merely "a reason" for persecution. *Id.* (citing *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017)). We declined to remand, however, "[b]ecause the BIA adopted the IJ's finding of *no* nexus between the harm to Singh and the alleged protected ground," and thus to "remand to the BIA 'would be an idle and useless formality.'" *Id.* (quoting *Wyman-Gordon*, 394 U.S. at 766 n.6). Here too, that the BIA "provided a different rationale for the necessary result is no cause for upsetting its ruling." *Morgan Stanley*, 554 U.S. at 545.

When the BIA denies a motion to reopen a reinstated removal order on grounds other than a lack of jurisdiction, we may deny a petition challenging that ruling based on the BIA's lack of jurisdiction under 8 U.S.C. § 1231(a)(5). Accordingly, the petition is

**DENIED.**