**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICANDRO SANCHEZ-PATRON, | No. 21-70950 |
| Petitioner, | Agency No. A072-868-338 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2022[**]
Pasadena, California

Before: M. SMITH, BADE, and VANDYKE, Circuit Judges.

Nicandro Sanchez-Patron[1] petitions for review of the Board of Immigration

Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] In a declaration attached to his motion to reopen, Sanchez-Patron stated that his name is "Ricardo" and that he has two aliases, "Nicandro Sanchez Patrón" and "Ricardo Aquino."

decision denying his motion to reopen a deportation order from 1994. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. We first consider the government's request that we take judicial notice of a decision reinstating a September 12, 1994 deportation order against "Ricardo Sanchez-Patron aka: Sanchez-Patron, Nicando," in file number "207 471 236" (the "reinstatement order"). We may take judicial notice of the agency's own records, even when those records were not part of the administrative record in proceedings before the BIA. *See Lising v. INS*, 124 F.3d 996, 998–99 (9th Cir. 1997); *Dent v. Holder*, 627 F.3d 365, 370–71 (9th Cir. 2010). We therefore grant the government's motion for judicial notice.

Sanchez-Patron resists this result, but we find none of his arguments persuasive. Sanchez-Patron first contends that the reinstatement order should not be considered because it "is not part of the administrative record." But, as already explained, the agency's own records are subject to judicial notice regardless of whether they are in the administrative record. *See id.*

Sanchez-Patron's related argument—that judicial notice is improper because the IJ and BIA "did not base their decisions on any reinstatement of removal order"—fares no better because it is squarely foreclosed by *Gutierrez-Zavala v. Garland*, 32 F.4th 806, 809–10 (9th Cir. 2022) (taking judicial notice of an extra-record reinstatement order even though the BIA did not rely on that order in

denying the petitioner's motion to reopen).

Sanchez-Patron next suggests that there is not enough evidence in the record to establish that he is the individual named in the reinstatement order, but this suggestion strains credulity. Sanchez-Patron previously admitted that he "has been known by two aliases," including "Nicandro Sanchez Patrón," and that he "has two A#s," which he identified as "072 868 338" and "207 471 236." The reinstatement order references Sanchez-Patron's actual name and alias, lists one of his two A-file numbers, and reinstates a September 12, 1994 deportation order entered in San Diego, California, which matches the deportation order in the administrative record. We thus have no doubt that the reinstatement order pertains to Sanchez-Patron.

Sanchez-Patron further insists that the reinstatement order "was never properly served" on him or his counsel. But as the government points out, the reinstatement order indicates that Sanchez-Patron "[d]ecline[d] to sign" it, and nothing about Sanchez-Patron's refusal to sign and acknowledge receipt of the order demonstrates that the government did not properly serve the document. *Cf. Gutierrez-Zavala*, 32 F.4th at 809 n.1; *see also Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007) ("[There is a] well established principle of federal law that administrative agencies are entitled to a presumption that they 'act properly and according to law.' 'In the absence of clear evidence to the contrary, courts

3

presume that public officers properly discharge their duties[.]'" (citations omitted)). Moreover, Sanchez-Patron does not otherwise identify evidence suggesting that he was unaware of the reinstatement order. *See Gutierrez-Zavala*, 32 F.4th at 809 n.1; *Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (finding that an argument by counsel "does not constitute evidence"). We therefore grant the government's motion and take judicial notice of the reinstatement order.

2. The reinstatement order indicates that the Department of Homeland Security reinstated the 1994 deportation order against Sanchez-Patron on July 7, 2020. A few weeks later, Sanchez-Patron moved to reopen the 1994 deportation order. Because a prior removal order that has been reinstated "is not subject to being reopened or reviewed," 8 U.S.C. § 1231(a)(5), the BIA lacked jurisdiction to consider Sanchez-Patron's motion to reopen. *See Gutierrez-Zavala*, 32 F.4th at 808–10; *Cuenca v. Barr*, 956 F.3d 1079, 1088 (9th Cir. 2020). We therefore deny the petition for review.[2] *See Gutierrez-Zavala*, 32 F.4th at 811 ("When the BIA denies a motion to reopen a reinstated removal order on grounds other than a lack of jurisdiction, we may deny a petition challenging that ruling based on the BIA's

---

[2] Because this issue is dispositive, we need not address the parties' remaining arguments. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

lack of jurisdiction under 8 U.S.C. § 1231(a)(5).").

**PETITION FOR REVIEW DENIED**.