NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDUARDO RALPH JUNQUEIRA, | No. 20-71899 |
| Petitioner, | Agency No. A098-006-386 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2023**
Phoenix, Arizona

Before: GRABER, CLIFTON, and CHRISTEN, Circuit Judges.

Petitioner Eduardo Ralph Junqueira, a native and citizen of Brazil, petitions

for review of the Board of Immigration Appeals' ("BIA") dismissal, for lack of

jurisdiction, 8 U.S.C. § 1231(a)(5), of his appeal of the denial of a motion to

reconsider an Immigration Judge's ("IJ") previous denial of a motion to reopen.

---

 * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

Our review of the denial of a motion to reopen is limited to determining whether the BIA or IJ erred in concluding that the IJ lacked jurisdiction.[1] *See Bravo-Bravo v. Garland*, 54 F.4th 634, 638 (9th Cir. 2022); 8 U.S.C. § 1252(a)(2)(D); *see also Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018) (when the BIA agrees with the IJ's decision and adds its own reasoning, we review both decisions). "Whether [8 U.S.C.] § 1231(a)(5) bars the agency from reopening a prior removal order and proceeding . . . [pursuant to 8 U.S.C.] § 1229a(c)(7) or sua sponte" under 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1) (2020) "are questions of law we review de novo." *Bravo-Bravo*, 54 F.4th at 640.

Title 8 U.S.C. § 1231(a)(5) "explicitly insulates the underlying removal orders from review, and generally forecloses discretionary relief from the terms of the reinstated order." *Id.* at 637 (citation and internal quotation marks omitted). Therefore, the BIA and IJ did not err in concluding that § 1231(a)(5) bars consideration of Junqueira's motion to reopen his reinstated removal order. *Id.* at 640–41.

Junqueira seeks to attack his underlying removal order collaterally because of an alleged gross miscarriage of justice, but such collateral attacks may be raised

---

[1] We treat Junqueira's motion to reconsider the denial of his motion to reopen removal proceedings as an extension of his original motion to reopen removal proceedings.

"only in a petition for review of a *reinstatement* proceeding or order." *Id*. at 640. (emphasis added). Here, the BIA dismissed Junqueira's appeal regarding his motion to *reconsider reopening* his removal order. Thus, the statute precludes our review.

Junqueira also attempts to analogize his case to *Miller v. Sessions*, 889 F.3d 998 (9th Cir. 2018), in which we held that, in an exception to the usual jurisdictional bar in § 1231(a)(5), a petitioner may seek recission of a removal order entered *in absentia*, based on lack of notice, at any time. 889 F.3d at 1002–03. *Miller* does not apply because Junqueira's removal order was not entered *in absentia,* so there was no risk that he would "first learn[] of the prior removal order at the outset of the reinstatement proceeding." *Id.* at 1002.

Junqueira nonetheless attempts to place himself within *Miller's* broader lack-of-notice logic, arguing that the two-step Notice to Appear ("NTA") he received to commence his 2004 removal proceedings was insufficient given the Supreme Court's rulings in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), and *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Our decision in *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190–93, 1191 n.6 (9th Cir. 2022) (en banc), *petition for cert. docketed* No. 22-6281 (U.S. Dec. 12, 2022), forecloses this argument.

Finally, Junqueira contends that the BIA and IJ should have invoked their *sua sponte* authorities to reopen his removal proceedings given his two-step NTA and the effects of *Niz-Chavez* and *Pereira*. *See* 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1) (2020) (then-applicable BIA and IJ *sua sponte* authorities). However, § 1231(a)(5) bars the IJ and BIA from exercising their *sua sponte* authorities to reopen. *See Gutierrez-Zavala v. Garland*, 32 F.4th 806, 809–10 (9th Cir. 2022) (declining to address the petitioner's arguments that the BIA should have exercised its *sua sponte* reopening authority because "[t]he necessary and certain result of § 1231(a)(5)'s bar . . . is the denial of [the petitioner's] motion to reopen for the BIA's lack of jurisdiction.").

The petition is **DENIED**.