**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN DE JESUS CAMPOS ESCOBAR, AKA Rene Campos, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   18-72932 <br><br> Agency No. A094-320-518 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2023[**]
San Francisco, California

Before:  FRIEDLAND, BADE, and KOH, Circuit Judges.

Benjamin De Jesus Campos Escobar ("Campos"), a native and citizen of El

Salvador, petitions pro se for review of an order of the Board of Immigration

Appeals ("BIA") dismissing his appeal from a decision of the Immigration Judge

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("IJ") denying his applications for asylum, humanitarian asylum, and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1. The absence of time and date information in Campos's notice to appear did not divest the immigration court of jurisdiction. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (holding that the absence of time and date information in a notice to appear does not deprive the immigration court of jurisdiction, and the filing of a subsequent notice that provides such information complies with 8 C.F.R. § 1003.14(a)). Because Campos received a subsequent notice of hearing, the immigration court had jurisdiction over his case.

2. The BIA did not err in concluding that Campos is ineligible for asylum because his application was untimely. *See* 8 U.S.C. § 1158(a)(2)(B), (D) (absent changed or extraordinary circumstances, an application for asylum must be filed within one year of arrival in the United States). Campos argues that his Temporary Protected Status from 2001 until 2008 is an "extraordinary circumstance[]" justifying his untimely application. *See* 8 C.F.R.

---

[1] Campos does not challenge the agency's denial of CAT protection or cancellation of removal. Therefore, even construing his claims liberally, *see Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022), he has forfeited those claims, *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).

2

§ 1208.4(a)(5)(iv) (maintaining Temporary Protected Status may be an extraordinary circumstance, but the applicant must file the application "within a reasonable period given those circumstances"). But Campos's status from 2001 to 2008 does not explain his failure to file his asylum application *before* he applied for and received Temporary Protected Status. The BIA noted that Campos, who entered the United States in 1993, did not file his asylum application until 2000, twenty-four months after the one-year rule's effective date of April 1998, and before he applied for Temporary Protected Status.[2] Substantial evidence supports the BIA's conclusion that given this delay, Campos did not file his application within "a reasonable time." *See Husyev v. Mukasey*, 528 F.3d 1172, 1181–82 (9th Cir. 2008) (holding that "[i]n the absence of any special considerations," a delay of six months is presumptively unreasonable and concluding applicant's 364-day delay, without explanation, was unreasonable); *Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir. 2008) (per curiam) (petitioner failed to file application within a "reasonable period" when he waited twenty-two months without explanation for the delay).

---

[2] The BIA stated that Campos did not file his asylum application until 2000, apparently based on a representation in Campos's brief, but Campos did not submit his application until 2009. This error, which, if anything, benefitted Campos, does not require remand. *See Gutierrez-Zavala v. Garland*, 32 F.4th 806, 810 (9th Cir. 2022) (concluding that remand was not necessary when it would be "an idle and useless formality" (citation omitted)).

3. Substantial evidence also supports the agency's denial of Campos's application for withholding of removal. To establish entitlement to withholding of removal, the applicant must show past persecution or make "an independent showing of clear probability of future persecution" on account of his race, religion, nationality, membership in a particular social group, or political opinion. *See Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). Demonstrating past persecution gives rise to a presumption of future persecution, *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021), which the government may rebut by showing that there has been a "fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution," 8 C.F.R. § 1208.13(b)(1)(i)(A).

The BIA concluded that country conditions in El Salvador had changed so substantially that any presumption of a well-founded fear of persecution had been rebutted. This conclusion is supported by substantial evidence. *See Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008) (reviewing agency's factual findings regarding changed country conditions for substantial evidence). Campos's claim is premised upon his fear of being persecuted because members of his family served in the Salvadoran military and suffered harm at the hands of the Farabundo Martí National Liberation Front ("FMLN") during the Salvadoran Civil War. But the BIA noted that Campos's mother has continued to reside in El Salvador and has not experienced any harm. *Lim v. INS*, 224 F.3d 929, 935 (9th

4

Cir. 2000) ("This court has allowed ongoing family safety to mitigate a well-founded fear, particularly where the family is similarly situated to the applicant and thus presumably subject to similar risk."). Campos testified that he fears the same FMLN "guerrillas" who harmed his father decades ago,[3] but the agency found that the Peace Accords had since been signed, country reports no longer mentioned the Civil War, and no one in Campos's family had been harmed or threatened since 1999, despite his mother's continued residence in El Salvador. Substantial evidence supports the agency's determination that any presumption of persecution was rebutted.

4.      Campos argues that the IJ erred by failing to consider his eligibility for humanitarian asylum. Even assuming there was error, it was harmless because the BIA considered Campos's eligibility. *See Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009).

**PETITION DENIED.**

---

[3] Campos asserted that the guerrillas still exist, now as gangs.