**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MANUEL ALONSO ZARAGOZA, | No.   18-72676 |
| Petitioner, | Agency No. A073-938-744 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023**

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Jose Manuel Alonso Zaragoza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen his reinstated deportation order.  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition for review.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Because a prior deportation order that has been reinstated "is not subject to being reopened or reviewed," 8 U.S.C. § 1231(a)(5), the BIA lacked jurisdiction to consider Alonso Zaragoza's motion to reopen, *see Gutierrez-Zavala v. Garland*, 32 F.4th 806, 811 (9th Cir. 2022) ("When the BIA denies a motion to reopen a reinstated removal order on grounds other than a lack of jurisdiction, we may deny a petition challenging that ruling based on the BIA's lack of jurisdiction under 8 U.S.C. § 1231(a)(5)."); *Bravo-Bravo v. Garland*, 54 F.4th 634, 641 (9th Cir. 2022) ("[U]nder § 1231(a)(5), an alien's prior removal order and proceedings are not subject to being reopened, and the regulation providing the BIA's *sua sponte* reopening authority cannot override that command." (internal quotation marks and citation omitted)); *Reyes v. Garland*, 11 F.4th 985, 990-91 (9th Cir. 2021) (unlike legislation, judicial decisions are "governed by a fundamental rule of retrospective operation" (internal quotation marks and citation omitted)).

Because this determination is dispositive of his claim, we do not address Alonso Zaragoza's remaining contentions.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**