**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGEY ANATOLYEVICH MIKHALENKO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-113 <br><br> Agency No. <br> A076-058-341 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 30, 2023
San Francisco, California

Before: M. SMITH and OWENS, Circuit Judges, and RODRIGUEZ, District
Judge.[**]

Sergey Mikhalenko, a citizen of Kazakhstan, petitions for review from

the Board of Immigration Appeals' ("BIA") denial of his second motion to

reopen his removal proceedings based on the vacatur of his state conviction and

a fundamental change in law. The BIA held that sua sponte reopening was not

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Xavier Rodriguez, United States District Judge for
the Western District of Texas, sitting by designation.

warranted because Mikhalenko's conviction was valid at the time he was removed, his removal was correct under the law at the time it was ordered, and Mikhalenko was not diligent in raising the fundamental change in law argument. As the parties are familiar with the facts, we do not recount them here. We deny the petition.

We have jurisdiction to review the BIA's decisions regarding statutory motions to reopen, *see Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016), but we may review the BIA's denial of sua sponte reopening only for legal or constitutional error, *id.* at 588. We review questions of law de novo and the denial of a motion to reopen for abuse of discretion. *Lara-Garcia v. Garland*, 49 F.4th 1271, 1275 (9th Cir. 2022). The agency abuses its discretion when its decision is "arbitrary, irrational, or contrary to law." *Bonilla*, 840 F.3d at 581 (citation omitted).

1. Mikhalenko admits that his statutory motion was untimely but argues that it should be equitably tolled. He contends that the BIA abused its discretion by failing to address his equitable tolling argument. Although the BIA did not expressly review equitable tolling, we do not remand because to do so would be futile. *See Lona v. Barr*, 958 F.3d 1225, 1231 n.7 (9th Cir. 2020).

Equitable tolling applies where the petitioner "is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence." *Id.* at 1230 (quoting *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003)). To assess whether the petitioner acted with due diligence, the court

considers, inter alia, "whether petitioner made reasonable efforts to pursue relief." *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011).

There is no evidence in the record that Mikhalenko attempted to meet with immigration counsel or pursued relief in some other way between 2009 when he was ordered removed and 2019 when he retained counsel. And we have previously upheld BIA determinations that a failure to act over a much shorter period of time indicated a lack of due diligence. *See Goulart v. Garland*, 18 F.4th 653, 655 (9th Cir. 2021) (denying review where the petitioner did not show any evidence that he pursued his rights between his 2013 removal and the 2018 change in law); *Lona*, 958 F.3d at 1231-32 (denying review where the petitioner did not pursue relief during the approximately three years between her removal order and the change in law and did not face any impediments to doing so). Further, the BIA has already held, in the context of sua sponte reopening, that Mikhalenko "did not act diligently" because the change in case law occurred almost four years before Mikhalenko's first motion to reopen.

Although the BIA did not explicitly analyze equitable tolling, it would necessarily find that Mikhalenko was not diligent and therefore not entitled to equitable tolling. Thus, remand would be futile. *See Gutierrez-Zavala v. Garland*, 32 F.4th 806, 810 (9th Cir. 2022) (holding that there is no need to remand to the BIA to address an issue in the first instance where the agency would necessarily reach the same result).

2.    Mikhalenko next argues that the BIA relied on multiple legal errors in its denial of sua sponte reopening.  We disagree.  Primarily he contends that the BIA erred by failing to understand that the vacatur of his state conviction nunc pro tunc nullified the legal basis of his removal order.  But vacatur does not nullify the basis of a removal order such that reopening is required or such that the statutory time limits for reopening are set aside.  *See Perez-Camacho v. Garland*, 54 F.4th 597, 601 (9th Cir. 2022) (upholding the BIA's denial of an untimely motion to reopen filed based on the vacatur of the underlying conviction); *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1117-19 (9th Cir. 2019) (same).  Even where the conviction supporting the removal order has been vacated, the grant of sua sponte reopening is discretionary.

The BIA also did not err in holding that *Wiedersperg v. INS*, 896 F.2d 1179 (9th Cir. 1990) was inapplicable because it "was decided before the enactment of the statutory or regulatory time limits placed on the filings of motions."  We have previously rejected *Wiedersperg* on precisely this ground. *Perez-Camacho*, 54 F.4th at 607 n.13.

We do not have jurisdiction to review Mikhalenko's argument that the BIA erred in creating a diligence requirement for sua sponte reopening because there is no law for us to apply to determine whether the BIA may permissibly treat diligence as a necessary condition for sua sponte reopening.  *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002) ("Because we cannot discover a

sufficiently meaningful standard against which to judge the BIA's decision not to reopen . . . we hold that we do not have jurisdiction . . . .").

3.      Finally, Mikhalenko argues that the BIA must reopen to avoid a gross miscarriage of justice due to a fundamental change in the law.  However, the gross miscarriage of justice standard is used in reinstatement of removal proceedings to collaterally attack the underlying removal order, not to reopen. *See Perez-Camacho*, 54 F.4th at 605.  Because there is no law to support reopening on this ground, this argument fails.  *See id.* at 603-06 (describing the four mechanisms by which a noncitizen can challenge a removal order on the basis that the conviction underlying that order has been vacated).  Though the BIA did not address this argument directly, it would necessarily deny it on remand because a gross miscarriage of justice does not provide a path to reopening.  *See Gutierrez-Zavala*, 32 F.4th at 810 (holding that there is no need to remand where the agency is required to reach a certain result).

**PETITION DENIED.**