**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BERNARD M. FEH, <br><br>       Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>       Respondent. | No. 21-343 <br><br> Agency No. <br> A203-710-088 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 20, 2023
Phoenix, Arizona

Before: TALLMAN, OWENS, and BADE, Circuit Judges.

Bernard Feh, a native and citizen of Cameroon, appeals from the Board of

Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration

Judge's ("IJ") denial of his applications for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). As the parties are

familiar with the facts, we do not recount them here. We have jurisdiction

under 8 U.S.C. § 1252, and we grant the petition.

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

We review only the BIA's decision except to the extent that the BIA expressly adopts the IJ's decision or relies on its reasoning. *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016). We review an adverse credibility finding for substantial evidence, *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021), under which findings are "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary," *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). We review de novo legal questions, including whether the agency conducted cumulative effect review. *Salguero Sosa v. Garland*, 55 F.4th 1213, 1219 (9th Cir. 2022).

1.      The BIA found Feh not credible based on (1) an inconsistency between his testimony and a letter from his brother regarding the year of Feh's detention by Cameroonian authorities and (2) his failure to testify about previously disclosed details regarding a separatist attack on his school. Substantial evidence does not support the adverse credibility finding.

First, the BIA relied on the fact that, although Feh consistently stated he was detained in March 2018, his brother wrote a letter stating that it occurred in March 2019. This discrepancy, however, cannot support the adverse credibility finding because Feh, who was proceeding pro se at the IJ hearing, was not given a chance to offer an explanation. *See Zhi v. Holder*, 751 F.3d 1088, 1093 (9th Cir. 2014) (explaining that an IJ cannot base an adverse credibility determination on a contradiction without first soliciting an explanation from the petitioner). And while Feh explained to the BIA that his brother simply wrote

down the wrong year, the BIA never addressed this explanation.

Second, any inconsistency between Feh's statements and his brother's letter was manifestly trivial on this record. The mere misstatement of the year of an event by Feh's brother, who was not the one arrested, is insufficient to support the adverse credibility finding. *See id.* at 1090-92 (concluding that a date discrepancy of one year between the petitioner's and his sibling's accounts of events was "utterly trivial," and had "no bearing on [the petitioner's] veracity," given the corroborating evidence in the record). Feh's statements have remained consistent since his initial interview with DHS officers.

The agency must consider Feh's explanation for this inconsistency and, should it still find him not credible, give specific and cogent reasons for rejecting that explanation. *Barseghyan v. Garland*, 39 F.4th 1138, 1143 (9th Cir. 2022).

The BIA also found Feh not credible based on his omission of details at his hearing before the IJ. When recounting an incident where separatists attacked his school in May 2018, causing all the teachers to quit, he omitted previously disclosed details that the separatists were armed with machetes and locally fabricated rifles, chased Feh down, and made him beg for his life. This omission was not probative of Feh's credibility because the details were previously disclosed to the agency and their omission undermined, rather than bolstered, Feh's asylum application. *See Iman v. Barr*, 972 F.3d 1058, 1068 (9th Cir. 2020) (explaining that "omissions are probative of credibility to the

extent that later disclosures, if credited, would bolster an earlier, and typically weaker, asylum application"). Rather than bolster his claim for asylum, Feh's omission arguably weakened his claim because those details supported his claims of past persecution and fear of future persecution.

Furthermore, the record supports Feh's explanation for the omission. The BIA stated that Feh omitted the entire incident from his testimony and that Feh's only explanation was that he did not know he had to be specific. But as Feh accurately recounted, he did describe the school incident before the IJ. And Feh's additional explanations that he was answering the IJ's precise questions and did not know he had to be more specific are supported by the IJ's course of questioning, which failed to develop the factual record. *See Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) (With a pro se applicant the IJ must "scrupulously and conscientiously probe into . . . all the relevant facts." (citation omitted)).

Thus, neither ground relied on by the BIA is supported by substantial evidence, and we remand for reconsideration of Feh's credibility.

2.      Contrary to its statement, the BIA did not issue an alternative holding assuming Feh's credibility. It never took as true his allegation that he was threatened and chased from his school by separatists armed with machetes and guns in May 2018, instead analyzing only "the threats that [Feh] received in 2016 and his detention in 2018." As a result, it did not consider whether this death threat combined with a physical confrontation at gunpoint, cumulatively

4                                                                    21-343

with all other incidents in the record, established past persecution or a well-founded fear of future persecution. *See Salguero-Sosa*, 55 F.4th at 1218 (holding that the agency committed legal error by failing to conduct cumulative-effect review). We remand so that it may do so in the first instance. *See Gutierrez-Zavala v. Garland*, 32 F.4th 806, 810 (9th Cir. 2022).

3. In a similar vein, the agency must consider "the aggregate risk of torture from *all* sources" when evaluating a claim for CAT relief. *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015) (emphasis added). But here, the IJ failed to consider whether Feh faces a risk of torture by the anglophone separatists. The IJ also failed to analyze the May 2018 incident or make a finding as to government acquiescence.

We remand Feh's CAT claim so that the agency may reconsider its adverse credibility finding and determine, in the first instance, whether Feh qualifies for CAT relief considering his risk of torture from both the Cameroonian government and separatist forces based on all evidence in the record. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (holding that the agency must consider all evidence relevant to the possibility of future torture).

4. Because we remand on these grounds, we need not reach Feh's due process argument.

The stay of removal remains in place pending a decision by the agency.

**PETITION GRANTED; REMANDED.**