**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROSA DEL CARMEN ABARCA-
ROSAS, FERNANDO ERNESTO
GUZMAN-ABARCA

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-79

Agency No. A208-371-502
A208-371-503

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2023[**]
Portland, Oregon

Before: TALLMAN, RAWLINSON and SUNG, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rosa Del Carmen Abarca-Rosas (Abarca-Rosas) and her minor son, natives and citizens of Mexico, petition for review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal of the denial by an Immigration Judge (IJ) of asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and deny the petition.

We review factual findings for substantial evidence. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022), *as amended*. The substantial evidence standard requires the Court to uphold the BIA's decision unless the record compels reversal. *See id*. We review purely legal questions de novo. *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).

**1.** Substantial evidence supports the BIA's conclusion that Petitioners were ineligible for asylum and withholding of removal because Petitioners failed to demonstrate that the Salvadoran police and government were unable and unwilling to control their private persecutors, Xiomara Beltran (Xiomara) and Orqidia del Carmen (Orqidia). The record includes evidence that Salvadoran law prohibits domestic abuse and punishes perpetrators. In this case, the police arrested Orqidia and a restraining order was issued against her. *See Rahimzadeh v. Holder*, 613 F.3d 916, 923 (9th Cir. 2010) (determining that authorities are willing and able to

2

control private persecutors when the "law and judiciary provide effective means of addressing instances of abuse") (alterations omitted), *abrogated on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069-70 (9th Cir. 2017). And while Abarca-Rosas feared that Xiomara would retaliate if she involved the police, we have held that fear of retaliation alone is not sufficient to demonstrate that the government was unable or unwilling to control private persecutors. *See id.*

Substantial evidence also supports the BIA's determination that Petitioners did not demonstrate that the police were unable and unwilling to control the MS-13 gang. The police were willing to try to retrieve a bicycle stolen from Abarca-Rosas' son, even though their efforts were unsuccessful. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (determining that the police were willing and able to act on reports of persecution even though the police were not able to solve the crimes).

2.     Substantial evidence supports the agency's denial of CAT relief. To establish eligibility for CAT relief, an applicant must demonstrate the existence of a "particularized threat of torture . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (citations, emphasis, and internal quotation marks omitted). The record does not establish that Petitioners are at risk of a

particularized threat of torture at the instigation of, or with the consent or acquiescence of a public official. *See id.*

3. Petitioners contend that the Court should remand because the recent case of *Matter of A-B-,* 281 I. & N. Dec. 307 (A.G. 2021) recognizes the particular social group of "women in El Salvador unable to leave domestic relationships." Because Abarca-Rosas conceded that she was not in a domestic relationship, *Matter of A-B-* would not change the outcome of her case. *See Gutierrez-Zavala v. Garland*, 32 F.4th 806, 810 (9th Cir. 2022) ("[W]e need not remand . . . because to do so would be an idle and useless formality.") (citation and internal quotation marks omitted). Thus, we deny the request to remand.

**PETITION DENIED.**