NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIAS VELAZQUEZ-MANZANALES, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-443 <br><br> Agency No. <br> A075-105-177 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2023**
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and SANCHEZ, Circuit Judges.

Elias Velazquez-Manzanales petitions for review of the Board of

Immigration Appeals' ("BIA") final removal order affirming an Immigration

Judge's denial of his motion to reopen his prior removal proceedings, which

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

included a 1998 removal order and a 2018 reinstated removal order. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.[1] Because the parties are familiar with the facts, we need not recount them here.

"Although we have jurisdiction to review the denial of a motion to reopen a reinstated removal order for legal or constitutional error, our review is generally limited to ascertaining that the BIA was required to deny such a motion for lack of jurisdiction." *Bravo-Bravo v. Garland*, 54 F.4th 634, 638 (9th Cir. 2022) (internal citations omitted). As we held in *Cuenca v. Barr*, 8 U.S.C. § 1231(a)(5) "unambiguously bar[s] reopening a reinstated prior removal order" if an individual has unlawfully reentered the United States after having been removed. 956 F.3d 1079, 1084 (9th Cir. 2020) (as amended). "Accordingly, the BIA is required to deny such a motion to reopen for lack of jurisdiction." *Bravo-Bravo*, 54 F.4th at 638 (citing *Gutierrez-Zavala v. Garland*, 32 F.4th 806, 810 (9th Cir. 2022)).

The BIA was required to deny Velazquez-Manzanales's motion to reopen for lack of jurisdiction. Velazquez-Manzanales was removed from the United States in April 1998 and conceded that he unlawfully reentered the country two

---

[1] We also deny the government's outstanding motion to supplement the record with the docket and dismissal order from the district court proceedings regarding the prosecution of Velazquez-Manzanales for illegal reentry. The events in the docket and the dismissal order referenced in the government's briefing are already included in the administrative record. 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.").

weeks later. In October 2018, the 1998 removal order was reinstated.[2]  Therefore, Velazquez-Manzanales's motion falls under the purview of 8 U.S.C. § 1231(a)(5), precluding the reopening of the 1998 removal order.  *See Cuenca*, 956 F.3d at 1088.  Because of this jurisdictional bar, the BIA did not err in declining to address Velazquez-Manzanales's request that his removal proceedings be reopened for him to apply for cancellation of removal.  *See Vega-Anguiano v. Barr*, 982 F.3d 542, 551 (9th Cir. 2019) (as amended) ("An alien removed under a reinstatement order is ineligible for [cancellation of removal].").

Velazquez-Manzanales's remaining arguments are not properly before this court.  His collateral attack on the initial removal order and arguments pertaining to the reinstatement order can only be considered in a petition for review of the reinstatement order or proceeding itself.  *See Perez-Camacho v. Garland*, 54 F.4th 597, 605 (9th Cir. 2022).  However, Velazquez-Manzanales did not timely petition for review of the reinstatement order; the current petition solely concerns the denial of his motion to reopen.  *See Vega-Anguiano*, 982 F.3d at 545.  Therefore, he "cannot raise arguments that are available for an alien who is challenging a

---

[2] Velazquez-Manzanales's argument that section 1231(a)(5) does not apply here because the government has not "executed" the reinstatement order is foreclosed by *Cuenca*.  956 F.3d at 1082, 1088.  Velazquez-Manzanales received a written determination and was given an opportunity in October 2018 to make a statement contesting that determination; his removal order was reinstated, triggering the jurisdictional bar.

reinstatement proceeding or reinstatement order." *Perez-Camacho*, 54 F.4th at 607.

**PETITION DENIED.**