**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JANE ORONI MOORE, AKA Jane Oroni Akpara, AKA Jane Oroni Akparanta,

      Petitioner,

  v.

PAMELA J. BONDI, Attorney General,

      Respondent.

No.   20-71909

Agency No. A099-816-638

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 18, 2025[**]
Pasadena, California

Before: WARDLAW and W. FLETCHER, Circuit Judges, and KENNELLY,[***] District Judge.

Jane Oroni Moore ("Moore"), a native and citizen of Nigeria, petitions for

review of two decisions of the Board of Immigration Appeals ("BIA"), one

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

recalendaring her appeal after it was administratively closed, and the other dismissing her appeal from an order of an Immigration Judge ("IJ") denying her motion for a continuance, denying her request for administrative closure, and granting her voluntary departure. Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), and provides its own reasoning, "we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.      Reviewing de novo, *Guerrier v. Garland*, 18 F.4th 304, 308 (9th Cir. 2021), the BIA did not violate Moore's due process rights by granting the Department of Homeland Security's ("DHS") motion to recalendar Moore's BIA appeal, which had been administratively closed based on Moore's allegation that she was separately appealing the denial of her I-360 visa petition. Moore argues that the BIA violated her due process rights by recalendaring her case despite DHS's failure to provide any supporting evidence—such as communications between DHS and other agencies—to support its claim that Moore had not, in fact, appealed the denial of her I-360 petition. However, Moore has not shown that the failure to provide this supporting evidence may have affected the outcome of the proceeding, as is required to state a due process claim. *Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009).

2.      Moore's challenge to the IJ's denial of her sixth motion for a continuance does not require remand to the agency.  We review an IJ's denial of a motion to continue for abuse of discretion, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009), and we consider four factors: (1) the importance of the evidence to be excluded by denial; (2) the reasonableness of the noncitizen's conduct; (3) the inconvenience to the court posed by continuance; and (4) the number of continuances previously granted.  *Karapetyan v. Mukasey*, 543 F.3d 1118, 1129 (9th Cir. 2008), *superseded by statute on other grounds*.  Here, Moore received five continuances over the span of two years as she awaited the adjudication of her pending I-360 visa petition.  After her I-360 petition was denied, Moore sought a sixth continuance based on her allegation that she had appealed the denial of the visa petition.  The IJ denied the motion, citing the number of continuances previously granted.  Even if this denial was an abuse of discretion, Moore has not alleged that remand would allow her to pursue any form of immigration relief.  Remand for the grant of a continuance would therefore constitute "an idle and useless formality," and we decline to do so.  *See Gutierrez-Zavala v. Garland*, 32 F.4th 806, 810 (9th Cir. 2022) (quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (plurality opinion)).

3.      Moore's ineffective assistance of counsel claim, raised for the first time in her petition for review, was not raised before the BIA.  Because the

3

Government asserts non-exhaustion, we may not consider Moore's ineffective assistance of counsel claim. *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

**PETITION DENIED.**