**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA HEIDY MARTINEZ RODRIGUEZ; GERARDO JOSUE AMAYA MARTINEZ, Petitioners, v. PAMELA BONDI, Attorney General, Respondent. | No. 24-6081 Agency Nos. A240-927-334 A240-927-335 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 18, 2025
San Francisco, California

Before: BOGGS, BRESS, and MENDOZA, Circuit Judges.**

Maria Heidy Martinez Rodriguez and her minor child, natives and citizens of

El Salvador (collectively, "Martinez Rodriguez"), petition for review of a Board of

Immigration Appeals ("BIA") decision dismissing their appeal of an immigration

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Danny J. Boggs, United States Senior Circuit Judge for
the Court of Appeals, Sixth Circuit, sitting by designation.

judge's ("IJ") order denying their applications for asylum and withholding of removal.[1] Martinez Rodriguez also petitions for review of the BIA's denial of her motion to remand so that the agency can consider whether the charging allegations in her Notice to Appear should be revised based on her parole status. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition as to Martinez Rodriguez's asylum and withholding claims, but grant the petition as to her motion to remand.

We review the denial of asylum and withholding for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We review the BIA's denial of a motion to remand for abuse of discretion. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252-53 (9th Cir. 2014) (quoting *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir. 2005)) (quotation marks omitted).

1. Substantial evidence supports the BIA's denial of asylum and withholding. To be eligible for asylum, Martinez Rodgriguez must "demonstrate a likelihood of

---

[1] Martinez Rodriguez failed to meaningfully challenge the IJ's denial of relief under the Convention Against Torture ("CAT") before either the BIA or this court. Her CAT claim is thus both unexhausted and waived. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, Martinez Rodriguez must show "that it is more likely than not" that she will be persecuted if returned to El Salvador "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357–58, 360 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3)(A). And for both asylum and withholding, Martinez Rodriguez must show that the persecution was "'committed by the government' or . . . 'by forces that the government was unable or unwilling to control.'" *Velasquez-Gaspar*, 976 F.3d at 1064 (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc)).

The BIA concluded that Martinez Rodriguez failed to demonstrate past persecution or a likelihood of future persecution because she could not show that the Salvadoran government was unable or unwilling to control her abusive former partner or her abusive father. Substantial evidence supports this conclusion. In this context, failure to report because the victim "thought [the police] were not willing to do anything" does not compel a finding that the government was unwilling or unable to control perpetrators of domestic violence. *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Martinez Rodriguez did not report these past

incidents of abuse to authorities, nor does the record compel the conclusion that El Salvador's "laws or customs effectively deprive the petitioner of any meaningful recourse to governmental protection." *Rahimzadeh v. Holder*, 613 F.3d 916, 921 (9th Cir. 2010). The IJ found that Salvadoran law criminalizes domestic violence and provides for restraining orders. Substantial evidence supports this finding, so the BIA did not err in denying Martinez Rodriguez's applications for asylum and withholding of removal.

2. The BIA abused its discretion by denying Martinez Rodriguez's motion to remand. When the BIA denies a motion to remand, it must "state its reasons and show proper consideration of all factors when weighing equities and denying relief." *Movsisian*, 395 F.3d at 1098 (citation and quotation marks omitted). Below, the only reason that the BIA gave for rejecting Martinez Rodriguez's motion to remand, seeking revision of her Notice to Appear, was that "the record does not contain a copy of [her] Form I-94." But Martinez Rodriguez submitted a document bearing a parole stamp that states "Form I-94" at the bottom of the document.

In response, the government argues that Martinez Rodriguez's document is insufficiently reliable because it does not contain her name or any other identifying information, and that her attorney's initial admission regarding her parole status was "determinative." But these were not the grounds for the BIA decision, and "we will not uphold a discretionary agency decision where the agency has offered a

justification in court different from what it provided in its opinion." *Gutierrez-Zavala v. Garland*, 32 F.4th 806, 810 (9th Cir. 2022) (citation, quotation marks, and internal brackets omitted), *overruled on other grounds as stated in Suate-Orellana v. Garland*, 101 F.4th 624, 632 (9th Cir. 2024). Moreover, at the merits hearing before the IJ, her counsel retracted the initial admission based on his having noted the claimed I-94 document. And the parties agree that the IJ's reasoning regarding the I-94 document (which the BIA did not rely on) was incorrect.

We express no opinion as to whether Martinez Rodriguez's Notice to Appear must be revised, or as to the provenance of her claimed I-94 parole document, nor as to what further proceedings, if any, may be required as a result of any revision to her Notice to Appear. These are matters for the agency to determine in the first instance. Because there is presently no basis to stay Martinez Rodriguez's removal, her motion to stay removal is denied. However, the temporary stay of removal shall remain in place until the mandate issues. The parties shall bear their own costs.

**PETITION GRANTED IN PART AND DENIED IN PART.**