NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMUEL ALEJANDRO LUNA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

Nos. 13-74015
         15-73357

Agency No. A205-317-321

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 25, 2023
Pasadena, California

Before: BERZON, RAWLINSON, and BRESS, Circuit Judges.

Samuel Alejandro Luna (Luna), a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals (BIA) dismissing his

appeal of the denial of withholding of removal and protection under the Convention

Against Torture (CAT). Luna also petitions for review of the BIA's affirmance of

the denial of his requested continuance and its denial of his motion to reopen. We

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

"[We] review[] the factual findings of the [BIA] for substantial evidence." *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1194 (9th Cir. 2023) (citation omitted). We review the agency's denial of a motion to reopen for an abuse of discretion. *See Cui v. Garland*, 13 F.4th 991, 995 (9th Cir. 2021). We also review the denial of a continuance for an abuse of discretion. *See Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1051 (9th Cir. 2023). Constitutional claims are reviewed de novo. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 927 (9th Cir. 2007).

1.      The BIA did not abuse its discretion in affirming the denial of Luna's requested continuance on the day of his merits hearing on the grounds that Luna failed to establish good cause. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). Luna stated that he could not proceed with his hearing because he had had a stomach infection and was still not feeling well, and because he had "not had the time to speak with his attorney." However, the Immigration Judge (IJ) acted within his discretion in determining that these reasons did not establish good causes. *See id.* ("The decision to grant or deny the continuance is within the sound discretion of the judge and will not be overturned except on a showing of clear abuse. . . .") (citation and internal quotation marks omitted). In addition, the IJ had previously granted a continuance. *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam) (holding that the IJ did not abuse his discretion

2

in denying a continuance when the IJ had previously granted a continuance).

Finally, Luna failed to identify any evidence that was not considered due to the IJ's denial of his request. *See Arizmendi-Medina*, 69 F.4th at 1051. (explaining that this court may consider the nature of the evidence when determining whether the IJ abused his discretion in denying a continuance). Denial of the continuance did not violate Luna's due process rights, as Luna has failed to demonstrate that he suffered any prejudice. *See Sandoval-Luna*, 526 F.3d at 1247 (explaining that a lack of prejudice undermines the petitioner's argument that the denial of a continuance violated his due process rights).

2.      Substantial evidence supports the agency's determination for the purposes of asylum and withholding of removal eligibility that there was no nexus between Luna's family membership and any past or future harm. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) (concluding that no nexus was established when the record does not compel the conclusion that family membership was a reason for the harm suffered). The record reflects that Luna did not know why his cousins were murdered, or why the cartel shot at Luna.[1]

---

[1] We need not address whether Luna was convicted of a crime of violence because Luna's failure to establish any nexus is dispositive of his applications for relief. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 n.2 (9th Cir. 2019) (refraining from addressing additional arguments when one issue was dispositive); *see also Gonzalez-Veliz v. Garland*, 996 F.3d 942, 949 (9th Cir. 2021) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.") (citation omitted).

Although the BIA incorrectly stated the asylum standard for nexus in determining Luna's eligibility for withholding of removal, remand is unwarranted because the BIA ultimately determined that there was no nexus at all to Luna's family membership. *See Gutierrez-Zavala v. Garland*, 32 F.4th 806, 811 (9th Cir. 2022).

3.      We are not persuaded by Luna's argument that it is unclear whether the BIA applied the de novo standard of review to the IJ's nexus determination. *See Umana-Escobar v.* Garland, 69 F.4th 544, 551-53 (9th Cir. 2023). The BIA referenced the de novo standard, did not state that it was deferring in any way to the IJ's decision, and did not cite *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), to indicate deference to the IJ's decision.

4.      Substantial evidence supports the denial of CAT relief. To qualify for protection under the CAT, a petitioner "must demonstrate that it is more likely than not that he would be tortured if removed" and that the torture would occur "by or at the instigation of or with the consent or acquiescence of a public official." *Duran-Rodriguez*, 918 F.3d at 1029. The threat of torture must be particularized. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam). The evidence in this case does not compel the conclusion that Luna faced a particularized risk of torture. "[G]eneralized evidence of violence and crime" is

4

insufficient to establish eligibility for CAT relief. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

5.     The BIA did not abuse its discretion in denying Luna's untimely motion to reopen. *See He v. Gonzalez*, 501 F.3d 1128, 1130 (9th Cir. 2007) (reviewing for abuse of discretion); *see also Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017) (noting that "a motion to reopen must be filed within ninety days of the final administrative removal order. . . .") (citations omitted). The BIA dismissed Luna's appeal in 2013, and Luna filed his motion to reopen two years later. Luna failed to demonstrate circumstances that would excuse the untimely filing. *See Lona v. Barr*, 958 F.3d 1225, 1232 (9th Cir. 2020).

**PETITION DENIED.**